UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY CONLEY,<br>　　　　Plaintiff,<br><br>　　v.<br><br>COMPETITIVE TECHNOLOGIES, INC.,<br>now known as CALMARE<br>THERAPEUTICS, INC.,<br>　　　　Defendant. | :<br>:<br>:<br>:　　M.C. No. 18-15-JJM-PAS<br>:<br>:<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Timothy Conley initiated this miscellaneous action on March 28, 2018, against Defendant Competitive Technologies, Inc., now known as Calmare Therapeutics, Inc., seeking an order from the Court placing Defendant into receivership. ECF No. 1. Although the motion was referred to me for determination, I address it by report and recommendation.[1]

**I.　　BACKGROUND**

In June 2014, Plaintiff filed a federal diversity lawsuit against Defendant and two individuals associated with Defendant. Conley v. Competitive Techs., Inc., et al., C.A. No. 14-288-JJM-PAS, ECF No. 1 ("Conley I"). The complaint alleged that the three Defendants were liable for breaching a letter agreement that promised to pay Plaintiff based on his work in selling a medical device. Id. Eventually, United States District Judge John J. McConnell, Jr., entered final judgment in favor of Plaintiff Conley against Defendant Competitive Technologies, Inc., in

---

[1] Some courts treat receivership motions as non-dispositive, properly resolved with an order under 28 U.S.C. § 636(b)(1)(A). See, e.g., U.S. Bank Nat'l Ass'n v. SRA Augusta SPE, LLC, No. 1:16-CV-00410-JDL, 2016 WL 6808132, at *1 n.2 (D. Me. Nov. 17, 2016); United States v. High Plains Livestock, LLC, No. 15-CV-680 MCA/WPL, 2016 WL 10591975, at *4 (D.N.M. Jan. 11, 2016). In this miscellaneous action, Plaintiff's motion to appoint a receiver has a more dispositive flavor because it is the only relief sought in the case. Accordingly, I find a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is the better approach.

the amount of $420,000, plus interest and costs. Conley I, ECF No. 60. The judgment issued on October 20, 2017. Id. Plaintiff filed an application for a writ of execution approximately one month later. Conley I, ECF Nos. 61 & 61-1. The application included the demand Plaintiff had sent to Defendant and an email from Defendant's former counsel indicating that the demand was passed on to Defendant. Judge McConnell granted the application in a November 16, 2017, text order. A writ of execution was issued, but on February 26, 2018, it was returned unsatisfied. Conley I, ECF Nos. 62 & 63. This miscellaneous action to appoint a receiver is Plaintiff's next step in his effort to collect the judgment.

To support his motion for appointment of a receiver, Plaintiff claims Defendant "is presently insolvent, . . . [and] is operating at a loss, so that its assets are steadily being depleted and wasted[.]" ECF No. 1 at 1. Plaintiff indicates that no receivership proceeding is pending in state court. Id. Plaintiff asserts he "made demand on the officers and board of directors of Defendant Corporation to institute proceedings for its dissolution due to its insolvency; however, the officers and directors have refused to do so, and, instead, are carrying on the business of the corporation notwithstanding its insolvent condition and the unprofitable nature of its operations[.]" Id. Finally, Plaintiff alleges that "[t]o conserve the assets of the defendant corporation for the benefit of creditors and other interested parties, it is essential that a receiver be appointed by the court to take possession of the property, assets and books of account of Defendant Corporation and proceed to liquidate the assets and distribute the proceeds to the persons entitled." Id. at 2.

Plaintiff initiated this action on March 28, 2018, but did not file a return of service until July 17, 2018. After Defendant failed to file a responsive pleading, the Court set a hearing on Plaintiff's motion and directed Plaintiff to make further efforts toward notifying Defendant and

related individuals.  Text Order, August 13, 2018.  Plaintiff filed affidavits confirming compliance.[2]  ECF Nos. 6 & 7.  While it is difficult to read some of the mail receipts Plaintiff submitted, it appears that he complied with the spirit of the Court's text order.

At the hearing, Plaintiff's counsel appeared but no one appeared for Defendant.  Apparently, while the hearing was in progress, Conrad F. Mir, Defendant's Chief Executive Officer and an individual defendant from Conley I, emailed a letter to the Court apologizing for Defendant's failure to attend the hearing and claiming Defendant "was unable to formally retain counsel[ ]"; the letter also asserts that the parties unsuccessfully attempted to settle this matter.  ECF No. 8 at 1.  As of this date, no counsel has appeared in the case for Defendant.

**II.     ANALYSIS**

"[R]eceivers are non-governmental employees,[3] often, though not necessarily, appointed pursuant to the court's inherent equitable powers, at the behest of private parties, to protect purely private interests by preserving property pending judgment."  See United States v. Quintana-Aguayo, 235 F.3d 682, 686 (1st Cir. 2000) (per curiam).  "[F]ederal law governs the issue of whether to appoint a receiver in a diversity action."  Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 843 (9th Cir. 2009); see Chase Manhattan Bank, N. A. v. Turabo Shopping Ctr., Inc., 683 F.2d 25, 26 (1st Cir. 1982); see also Fed. R. Civ. P. 66 (titled "Receivers").  "[T]he decision to appoint a receiver clearly lies within the discretion of the court."  Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 326 (1st Cir. 1988).  "Receivership is an extraordinary remedy, justified only when a clear showing is made that 'an emergency exists, in order to

---

[2] On August 14, 2014, Defendant changed its name from Competitive Technologies, Inc., to Calmare Therapeutics, Inc.  Some of the mail receipts Plaintiff filed use the new name, Calmare Therapeutics.  ECF No. 6-1.

[3] Under 28 U.S.C. § 958, "[a] person holding any civil or military office or employment under the United States or employed by any justice or judge of the United States shall not at the same time be appointed a receiver in any case in any court of the United States."

3

protect the interests of the plaintiff in the property.'" Capital Fin., LLC v. 22 Maple St., LLC, 295 F. Supp. 3d 19, 23 (D. Mass. 2018) (quoting Commodity Futures Trading Comm. v. Comvest Trading Corp., 481 F. Supp. 438, 441 (D. Mass. 1979)). To warrant the appointment of a receiver to manage and operate a business, "there must be at the least a 'sufficient showing' of something more than the inadequacy of the security and the doubtful financial standing of the debtor." Id. (quoting Chase Manhattan Bank, N. A., 683 F.2d at 26).

Courts consider the following factors in ruling on motions to appoint receivers: (1) whether the defendant is alleged to have engaged in fraudulent conduct; (2) whether the property is in imminent danger; (3) whether the available legal remedies are adequate; (4) whether the harm to the plaintiff caused by the denial of the appointment would exceed the harm to the defendant and others opposed to the appointment; (5) whether the plaintiff is likely to succeed in the action; (6) whether the plaintiff's interests in the property might be susceptible to irreparable injury; and (7) whether the interests of the plaintiff and others sought to be protected will be well served by the receivership. See Consol. Rail Corp., 861 F.2d at 326-27; U.S. Bank Nat'l Ass'n, 2016 WL 6808132, at *4 (listing the factors from Consol. Rail Corp.).

I find Plaintiff has failed to make the showing necessary to justify the extraordinary remedy of the appointment of a receiver. Only factors (5) and (7) cut in Plaintiff's favor in that he already succeeded on his claims in Conley I, and, taking his new assertions as true, a receiver would protect his interest in being paid money Defendant owes him. See Consol. Rail Corp., 861 F.2d at 326-27. Otherwise, Plaintiff has provided nothing to satisfy factors (1), (2), (3), (4) and (6), which are central to resolution of Plaintiff's motion. For example, Defendant's most recently publicly-filed 10-K[4] form reveals the absence of fraudulent conduct or imminent danger

---

[4] The 10-K is available at
https://www.sec.gov/Archives/edgar/data/102198/000161577417003754/s106834_10k htm.

4

– to the contrary, the 10-K establishes that Defendant has publicly disclosed that it has been in rough financial shape for years; the 10-K includes an accounting firm's "going concern" letter dated July 21, 2017.  As to the availability of adequate legal remedies, Plaintiff concedes that he has made no effort to initiate supplemental proceedings in Connecticut, where Defendant is located.  Nor was Plaintiff able to address why a receivership, with its incalculable adverse impact on shareholders and creditors, does not exceed the harm to Plaintiff of no receivership, in light of the availability to him of the untapped legal remedy of supplemental proceedings in Connecticut.  Finally, Plaintiff did not present any evidence of irreparable injury should the receivership be denied.

While not providing any evidence to meet most of the factors that should guide the Court's determination, Plaintiff's counsel indicated at the hearing that there are people willing to be appointed as a receiver in this case even though they might not get compensation for their work.  While that may aid the general receivership process, it is secondary to the Court's analysis of whether a receiver is justified under the law.  Plaintiff's motion requires him to meet a high bar.  Because he seeks "the appointment of a receiver to manage and operate a business," Plaintiff must develop a record with "a 'sufficient showing' of something more than the inadequacy of the security and the doubtful financial standing of the debtor."  Capital Fin., LLC, 295 F. Supp. 3d at 23 (quoting Chase Manhattan Bank, N. A., 683 F.2d at 26).  I determine he has not done so and that the evidence in the record fails to show that the factors from Consol. Rail Corp., 861 F.2d at 326-27, adequately support his motion.

### III.    CONCLUSION

Based on the foregoing, I recommend that Plaintiff's motion to appoint a receiver be denied without prejudice. ECF No. 1. To be clear, if subsequent events establish that a receivership is appropriate, Plaintiff may return to the Court to further develop the record.[5]

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2018

---

[5] This report and recommendation is in no way a comment on the likelihood of whether Plaintiff will eventually submit a winning motion to appoint a receiver.